# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MACIAS GARCIA., | CASE NO. 08cv1993 LAB (WMc) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: (1) GRANTING RESPONDENT'S MOTION TO DISMISS (DOC. NO. 6) AND (2) DENYING PETITIONER'S MOTION TO STAY (DOC. NO. 9)** |
| JAMES A. YATES, Warden, | |
| Respondent. | |

## I.

## PROCEDURAL HISTORY

**A.    State Court**

On July 22, 2005, Raul Macias Garcia ("Petitioner") was convicted of one count of making criminal threats (Cal. Penal Code § 422) and one count of threatening a witness (Cal. Penal Code § 140). (Lodgment No. 1 at 164-165.) In a separate proceeding, the trial court found Petitioner had previous convictions for manslaughter and attempted robbery. (Lodgment No. 3 at 1.) Both constituted strikes (Cal. Penal Code § 667(b)-(i); 1170.12), as well as serious felonies (Cal. Penal Code § 667.5(a)(1)). The prior manslaughter conviction resulted in a previous prison sentence (Cal. Penal Code § 667.5(b)).

Accordingly the trial court sentenced Petitioner to 25 years to life in prison and two consecutive five-year terms. (Lodgment 3 at 3.) Petitioner appealed and the Fourth District Court

of Appeal, Division One, affirmed the judgment on August 24, 2007. (Lodgment 3 at 1.) Thereafter, on November 28, 2007, the California Supreme Court denied Petitioner's Petition for Review. (Lodgment 5 at 1.)

**B.     Federal Court**

On October 27, 2008, Petitioner filed for federal habeas corpus relief pursuant to 28 U.S.C.A. § 2254. (Doc. No. 1.) On December 16, 2008, Respondent filed a Motion to Dismiss. (Doc. No. 6 at 2.) Respondent contends Petitioner has not fully exhausted all claims within his petition and, of the two claims which are unexhausted, one claim does not raise a federal issue. (Doc. No. 6 at 3-4.) As a result, Respondent argues Petitioner must elect either to dismiss his unexhausted claims or to dismiss his federal action in order to return to state court to exhaust them. (Doc. No. 6 at 3-4.) On January 12, 2009 Petitioner filed an Opposition to Respondent's Motion to Dismiss and concurrently filed a Motion for Stay and Abeyance. (Doc. No. 7 and 9.) Respondent has not filed a reply in support of its Motion to Dismiss, and no opposition in response to Petitioner's Motion to Stay and Abey has been filed by Respondent.

## II.

## DISCUSSION

**A.     Exhaustion Requirement**

The court must first address whether Petitioner's federal habeas petition is exhausted or is a mixed petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion requirement is designed to "encourage state prisoners to seek full relief first from the state courts, thus giving those courts first opportunity to review all claims of constitutional error." *Id.* at 518-19. Courts generally consider a habeas petition exhausted when the highest state court has had an opportunity to rule on the merits of each and every same claim raised in the petitioner's federal habeas petition. 28 U.S.C.A. § 2254(c). The burden is on the Petitioner to show his or her federal habeas petition satisfies the exhaustion requirement. *Rose*, 455 U.S. at 519.

On direct appeal, Petitioner raised the following three claims before the California Supreme Court in his Petition for Review: (1) the evidence was insufficient to show Petitioner was

1  guilty of making criminal threats and threatening a witness; (2) the trial court prejudicially erred
2  by failing to instruct the jury Petitioner must specifically intend the threat to be conveyed to the
3  victim; and (3) the trial court prejudicially erred by admitting evidence of Petitioner's prior
4  convictions and prior prison sentence. (Lodgment 2 at 11, 18, and 22); (Lodgment 4 at 4, 8, 9, and
5  11). Petitioner's habeas writ contains the above three claims. (Doc. No. 1 at 2-5). Petitioner also
6  raises two additional claims which he admits were not presented in his state habeas writ: (1) the
7  trial court failed to sentence him in accordance with California sentencing laws and (2)
8  prosecutorial misconduct. (Doc. No. 1 at 5-6); (Doc. No. 6 at 3.) Accordingly, it is recommended
9  the Court find the record demonstrates Petitioner's habeas petition is mixed.

### B.     Motion for Stay and Abeyance As An Alternative

Respondent contends Petitioner has not fully exhausted all claims within his petition and, of the two claims which are unexhausted, one claim does not raise a federal issue. (Doc. No. 6 at 3-4.) Respondent argues, therefore, that Petitioner must elect to abandon his unexhausted claims and proceed with his exhausted claims or dismiss his federal action in order to return to state court to exhaust them. (Doc. No. 6 at 3-4.) In response, Petitioner argues a stay and abeyance would be more appropriate under the circumstances. (Doc. No. 9.)

There are two approaches for analyzing a stay and abeyance motion, depending on whether the petition is mixed or fully exhausted. *Jackson v. Roe*, 425 F. 3d. 654, 661 (9th Cir. 2005). If the petitioner files a stay and abeyance motion under a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard set forth by the Supreme Court in *Rhines v. Weber,* 544 U.S. 269 (2005). *Jackson*, 425 F. 3d at 661. If the petition is fully exhausted, the request for a stay and abeyance is analyzed under the standard set forth in *Kelly v. Small*, 315 F. 3d 1063 (9th Cir. 2003). *Jackson*, 425 F. 3d. at 661.

Under the total exhaustion requirement set forth in *Rose v. Lundy* and the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 269-70. This risk arises because of the limited options facing a mixed petition. If a petitioner elects to abandon his unexhausted claims and proceed with

1  an exhausted petition, once the exhausted petition is decided on the merits, a petitioner may not
2  include the newly exhausted claims in a subsequent petition due to the strict limitations AEDPA
3  places on successive motions. 28 U.S.C.A. § 2244(b). If a petitioner elects to dismiss the entire
4  mixed petition, the AEDPA's one-year statute of limitations will likely run before a petitioner is
5  able to fully exhaust state court remedies and return to federal court. *Rhines*, 544 U.S. at 275.

6  Because of the risks facing a petitioner, a federal district court has discretion to stay a
7  mixed habeas petition containing exhausted and unexhausted claims. *Id.* at 278. If the court stays a
8  mixed petition, a petitioner is allowed to present his unexhausted claims to the state court in the
9  first instance, and then to return to federal court for review of his "perfected" petition. *Id.* at 279.
10 In order for the court to stay a mixed petition, a petitioner must "show good cause for his failure to
11 exhaust, demonstrate the unexhausted claims are potentially meritorious" and show no indication
12 of "intentional[] dilatory litigation tactics." *Id.* at 270. If the court finds a stay and abeyance
13 inappropriate, the court may allow a petitioner to dismiss the unexhausted claims and proceed with
14 the exhausted claims if dismissal of the entire petition would "unreasonably impair" the
15 petitioner's right to obtain federal relief. *Id.*

16 **1.   Good Cause**

17 Petitioner contends he has demonstrated good cause for failure to exhaust due to the
18 ineffectiveness of his appellate counsel to raise the two unexhausted claims. (Doc. No. 9 at 3).
19 Petitioner cites *Hernandez v. Sullivan,* 397 F. Supp. 2d 1205 (C.D. Cal. 2005) and *Harris v.*
20 *Kuhlman*, 601 F. Supp. 987 (E.D. N.Y.1985) to support his contentions.[1] (Doc. No. 9 at 3-4).

21 Good cause for failure to exhaust may be attributable to "procedural default." *Hernandez*,
22 379 F. Supp. 2d at 1207. Procedural default is established when the failure to exhaust state
23 remedies "resulted from an objective factor external to the petitioner which cannot fairly be
24 attributed to him or her." *Id.* (citing *Coleman v. Thompson, 501 U.S. 722, 753(1991) (*quoting

---

28   [1]*Harris* would not be controlling in the instant case as it was filed and decided in the Eastern District of New York.

1  *Murray v. Carrier, 477 U.S. 478*.(2005)).[2] The petitioner's federal habeas writ in *Hernandez* was
2  mixed containing two unexhausted claims. *Id*. at 1206. The first unexhausted claim alleged a
3  witness for the prosecution falsely testified the petitioner's brother threatened him to not testify.
4  *Id.* The second unexhausted claim was one of prosecutorial misconduct in that the prosecutor
5  referred to a witness' allegedly false testimony during closing argument. *Id.* Petitioner argued that,
6  until March 2003, he lacked the necessary evidence to support his allegation the witness testified
7  falsely. *Id.* Further, he informed his appellate counsel of such information, but his appellate
8  counsel failed to raise the two unexhausted claims. *Id.*

9        The court denied petitioner's federal habeas writ reasoning the petitioner did not meet the
10 "external factor" standard set forth under procedural default: "[p]etitioner has not shown that his
11 failure to exhaust his claims resulted from any external objective factor that cannot fairly be
12 attributed to him." *Id.* at 1207. The petitioner knew the nature of the witnesses testimony at trial
13 and failed to sufficiently bring forth details of such new evidence. *Id.* Further, the court noted,
14 "coincidentally or not, "petitioner's brother Daniel Hernandez was indicted for the alleged
15 intimidation in mid March of 2003." *Id.* at 1206. The court also addressed petitioner's allegation
16 that fault should lie with his appellate counsel for failing to bring forth his two unexhausted
17 claims. *Id.* at 1207. "[T]he alleged failure of Petitioner's appellate counsel to raise the unexhausted
18 claims in Petitioner's direct appeal does not establish "good cause." *Id.* at 1207. Moreover,
19 "[a]ppellate counsel's alleged failure did nothing to prevent Petitioner from seeking state habeas
20 relief for the unexhausted claims." *Id.* Consequently, the court held petitioner did not show "good
21 cause" for his failure to exhaust his unexhausted claims. *Id.*

22       Here, the facts are similar to *Hernandez*. Petitioner brings forth no evidence of his
23 appellate counsel's ineffectiveness other than stating counsel failed to present his two unexhausted
24 claims. Contrary to Petitioner's statement,  the record reflects all appeals were appropriately filed
25 by appellate counsel. Furthermore, there is no suggestion in the record Petitioner's counsel
26 prevented Petitioner himself from seeking state habeas relief for the unexhausted claims.

---

[2]The showing for "good cause" under procedural default is analogous to the "good cause" test as established in *Rhines v. Weber*. *Hernandez,* 397 F. Supp. 2d at 1206.

- 5 -           08cv1993 LAB (WMc)

1  Therefore, under the *Hernandez* "external factor" standard, Petitioner has not demonstrated good
2  cause for his failure to exhaust.

3  In *Harris*, a petitioner was granted habeas relief after ineffectiveness of counsel prevented
4  petitioner's appeal from being heard six years and three months after it was due. *Harris*, 601 F.
5  Supp at 889. Specifically, petitioner was sentenced on May 23, 1977 and filed his appeal
6  concurrently. *Id.* On February 16, 1978, petitioner moved the Supreme Court of New York to set
7  aside his conviction due, in part, to ineffective assistance of counsel at trial.[3] *Id.* Because of his
8  claim of ineffective assistance of counsel, trial counsel was relieved from further representation.
9  *Id.* New appellate counsel was then appointed on December 15, 1978 to assist petitioner in his
10 federal habeas petition. *Id.* Appellate counsel was given trial materials and told of the 120-day
11 time limit in which he had to perfect petitioner's federal habeas writ, and if an extension was
12 needed, appellate counsel was to submit a request in writing seeking a time extension. *Id.*
13 Appellate counsel made no effort to perfect petitioner's federal habeas writ for six years and
14 sought no time extension during the permissible 120-day time period. *Id.* After seven full years,
15 petitioner filed his own federal habeas writ on June 19, 1984. *Id.*

16 The district court granted petitioner's federal habeas writ on February 5, 1985. *Id.*
17 Appellate counsel explained his failure to present petitioner's federal habeas writ in a timely
18 manner was due to familial problems. *Id.* Appellate counsel suffered from depression, his mother
19 had passed away, his father was severely ill, his wife had miscarried, and he experienced
20 difficulties starting his own firm. *Id.* Yet, appellate counsel was able to timely perfect another
21 client's appeal before the Court of Appeals, Second Circuit which had strict time limits. *Id.* The
22 district court noted "[i]t is clear from the hearing that the Second Circuit appeal was given prompt
23 attention by counsel because he knew that the federal Court of Appeals would not tolerate delay."
24 *Id.* "In contrast, the Appellate Division, Second Department did not... monitor delays in appeals"
25 and it was the attorney's responsibility to file timely appeals. *Id*. at 899-90. Moreover, petitioner
26 tried several times to contact his appellate counsel during the writ process, including using his

---

[3]The Supreme Court of New York denied petitioner's petition on October 16, 1978.

family members to contact appellate counsel. *Id.* at 990. Petitioner had also relied on other inmates' advice that seeking different counsel would result in additional years of delay. *Id.*

In granting petitioner's writ, the court reasoned such "intolerable" delay amounted to a denial of due process and equal protection. *Id.* at 993 (citing *United States ex rel. Hankins v. Wicker*, 582 F. Supp. 180, 183-85 (W. D. Pa. 1984). The court reasoned that "having made the right of appeal available ... the state is obligated by the United States Constitution to avoid impeding effective access to the appellate process." *Id.* at 990 (citing *Rinaldi v. Yeager*, 384 U.S. 305 (1966)). Because the state-appointed ineffective counsel resulted in inordinate delay and the petitioner detrimentally relied on the state's procedures, the state must take responsibility. *Id.* at 992. Petitioner's right to relief was appropriate because he relied on the court's instruction to direct all inquiries to appellate counsel and was not informed of his right to petition the court to change counsel. Furthermore, "where the delay between conviction and the hearing of an appeal exceeds 50 percent of a petitioner's ten year minimum sentence, the court can assume that the delay is prejudicial." *Id.* at 993. Lastly, the court held the "core problem was an institutional defect" and "gross ineffectiveness of petitioner's counsel." *Id.* As such, the petitioner was entitled to relief. *Id.* at 994.

Here, Petitioner's case is distinguishable. Petitioner has not supported his contentions with evidence of dilatory conduct by counsel. In addition, Petitioner's appeal process has so far been timely. Finally, there is no evidence in the record the state impeded access to the appellate process. Thus, Petitioner has not shown good cause for failure to exhaust under *Harris*. It is therefore recommended the Court find Petitioner has not demonstrated good cause for failure to exhaust his petition resulting from ineffectiveness of appellate counsel.

**2.    Potential Merit of Unexhausted Claims**

    **A) Sentencing Errors Under State Law**

Even if Petitioner could demonstrate good cause, a "district court would abuse its discretion if it granted a stay when the unexhausted claims are plainly meritless."*Rhines* at 270. Petitioner's first unexhausted claim alleges the trial court failed to sentence him in accordance with California sentencing law. (Doc. No. 7 at 4.) In particular, petitioner maintains: (1) California

1  Penal Codes sections 3, 5, 667(d) and 667.7(b) requires "strike" convictions to be labeled as such
2  when "strikes" are incurred; and (2) his past convictions are not to be used as recidivist
3  enhancements. (Doc. No. 7 at 2.) Petitioner alleges the failure to label his past convictions as
4  "strikes" and concomitant use of past convictions constitutes an improperly enhanced sentence.
5  (Doc. No. 7 at 2:14-20.) Petitioner cites *In re Birdwell* in support of his contention, 58 Cal. Rptr.
6  2d 244 (1996), and contends his due process rights were violated. (Doc. No. 7 at 2:16.)

7       A five-year sentence enhancement is applied under California's three strikes law if a
8  defendant was previously convicted of a serious felony. *Brewer v. Kramer*, 2009 WL 635667, *3
9  (2009); Cal. Penal Code § 667(a)(1). Whether a petitioner's previous conviction qualifies as a
10 serious felony conviction under California's three strikes law is a question of state sentencing law.
11 *Brewer*, at *3 (citing *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989)). The purpose of
12 federal habeas review is limited to deciding whether a conviction violates the Constitution, laws or
13 treaties of the United States. *Id.* (citing 28 U.S.C.A. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68
14 (1991)). Under *Brewer*, "[f]ederal courts must defer to the state court's interpretation of state
15 sentencing laws." *Id.* Accordingly, "absent a showing of fundamental unfairness that violates due
16 process, [a petitioner's state sentencing] claim is not cognizable under federal habeas review." *Id.*

17      Here, Petitioner has not shown the fundamental unfairness in his sentencing necessary to
18 justify federal habeas relief. According to the August 24, 2007 California Court of Appeal decision
19 affirming as modified the judgment of the state Superior Court, the enhancements made in
20 Petitioner's sentence were reviewed at the state appellate court level and corrected with respect to
21 the prior prison enhancement. [Lodgment 3 at 2, fn. 2 (noting "[a]t oral argument, the parties
22 agreed that because such enhancement should have been stricken rather than stayed (citations
23 omitted) . . . [w]e therefore order the prison prior enhancement stricken and the abstract of
24 judgment modified accordingly."); and at 14 (ordering "[t]he judgment is affirmed as modified.
25 The prison prior enhancement is stricken rather than stayed.")]

26      Moreover, Petitioner's statement of the case in his December 22, 2006 appellate brief to
27 the California Court of Appeal indicates, with direct reference to the Clerk's Transcript, that in
28 addition to charging Petitioner with two serious felony priors, "[t]he information also alleged two

1  'strike' priors." [Lodgment 2 at 1.] Given that any inaccuracy in Petitioner's sentencing was
2  briefed, reviewed, argued and thereafter corrected on appeal by the California state courts, he has
3  not shown fundamental unfairness violative of due process which would warrant federal habeas
4  review. Therefore, Petitioner is not entitled to a stay of this federal court action to pursue his first
5  unexhausted claim based on alleged state sentencing errors. Accordingly, it is recommended that
6  Respondent's Motion to Dismiss Petitioner's first unexhausted claim be **GRANTED**. It is further
7  recommended Petitioner's Motion to Stay and Abey as to his first unexhausted claim be **DENIED**.

8  **B) Prosecutorial Misconduct**

9  Petitioner's second unexhausted claim alleges his conviction was a result of three specific
10 instances of prosecutorial misconduct. (Doc. No. 7, Exhibit A at 3.) In the motion to dismiss,
11 Respondents do not address the merits of Petitioner's prosecutorial misconduct claim. Instead,
12 Respondents argue only that Petitioner's petition be dismissed because it is mixed. In the
13 opposition to the motion to dismiss, Petitioner argues a stay and abeyance should be issued as to
14 Petitioner's unexhausted claim because he filed a protective petition and would be procedurally
15 barred from returning to federal court if a stay and abeyance was not issued. (Doc. 7 at 3.); *see
16 also Pace v. Diguglielmo*, 544 U.S. 408 (2005).

17 However, stays, as explained above, are not automatic. As held in *Rhines*, there must be
18 good cause to warrant a stay. Petitioner has failed to demonstrate good cause and the merits of his
19 second unexhausted claim for prosecutorial misconduct are unclear. Because Petitioner is required
20 to show both good cause for failure to exhaust and meritorious claims, lack of good cause alone is
21 sufficient to deny a stay. *Rhines*, 544 U.S. at 277. Accordingly, it is recommended that
22 Respondent's Motion to Dismiss Petitioner's second unexhausted claim be **GRANTED**. It is
23 further recommended that Petitioner's Motion to Stay and Abey as to his second unexhausted
24 claim be **DENIED**.

25                                              **III.**
26                         **CONCLUSION AND RECOMMENDATION**

27 Once it is found that a stay and abeyance is not appropriate, a petitioner must be afforded
28 the opportunity to amend his petition to delete the unexhausted claims before dismissing the action

- 9 -                                    08cv1993 LAB (WMc)

1  without prejudice due to petitioner's failure to exhaust his available state remedies. *See Rose v.*
2  *Lundy*, 455 U.S. 509, 520 (1982).
3  For the forgoing reasons, **IT IS HEREBY RECOMMENDED:**
4      1. Respondent's December 16, 2008, motion to dismiss be granted;
5      2. Petitioner's January 12, 2009, motion for stay and abeyance be denied;
6      3. The petition be dismissed for failure to exhaust all claims presented; and
7      4. Petitioner be granted thirty days in which to file an amended petition containing only his
8  exhausted claims.
9      **IT IS ORDERED** that no later than **May 1, 2009**, any party to this action may file written
10 objections with the Court and serve a copy to all parties. The document should be captioned,
11 "Objections to Magistrate Judge's Report and Recommendation."
12     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
13 and served on all parties no later than **May 22, 2009.** The parties are advised that failure to file
14 objections within the specified time may result in a waiver of the right to raise those objections on
15 appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also*
16 *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).
17     **IT IS SO ORDERED**.
18 DATED: April 10, 2009

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

22 Copy to:

23 HONORABLE LARRY ALAN BURNS, UNITED STATE DISTRICT JUDGE
   PRISONER *PRO SE*
24 ALL COUNSEL OF RECORD