# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MACIAS GARCIA,<br><br>　　　　　Petitioner,<br><br>vs.<br><br><br>JAMES A. YATES, Warden,<br><br>　　　　　Respondent. | CASE NO. 08cv1993-LAB (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>**ORDER DENYING MOTION TO STAY; AND**<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket Nos. 6, 9] |

Petitioner, a prisoner in state custody, brought a petition for writ of habeas corpus (the "Petition") in this Court, pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss Petition, pointing out Petitioner had not exhausted all claims. Petitioner moved for a stay to permit him to exhaust remedies in state court before proceeding.

Pursuant to 18 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), these matters were referred to Magistrate Judge William McCurine for a report and recommendation. On April 10, 2009, Judge McCurine issued his report and recommendation (the "R&R"). The R&R recommended denying the motion to stay, and dismissing the Petition as mixed but permitting Petitioner to file an amended Petition bringing only exhausted claims. Petitioner filed objections (the "Objections").

A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, this Court must review those parts of the report and recommendation to which a party has filed a written objection.

Neither party objected to the R&R's statement of facts, which the Court therefore **ADOPTS**, with modifications as set forth below. As the R&R explains, Petitioner now raises two claims he did not present either on appeal or in state habeas proceedings. He argues first that the state trial court failed to sentence him in accordance with California's sentencing laws, and second that his trial was tainted by prosecutorial misconduct. The alleged misconduct consisted of introducing false evidence and wrongly preventing a witness from testifying in Petitioner's favor. (Pet. at 6.) In part, Petitioner's unexhausted claims attempt to recast two exhausted evidentiary claims as prosecutorial misconduct claims. However, a claim is only exhausted where the petitioner has presented the state's highest court with the same factual basis and federal legal theories; mere similarity of claims is insufficient to exhaust. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1148–49 (9th Cir. 2007). Petitioner does not contest the R&R's finding that he failed to exhaust these two claims in state court, but contends his failure to exhaust before filing his federal Petition was caused by ineffective assistance of counsel, which should not be attributed to him. The Petition is thus "mixed," meaning some claims are exhausted and some are unexhausted.

The stay-and-abeyance procedure is an exercise of the Court's equitable powers. *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (O'Connor, J., concurring). The Court should

1  ordinarily exercise its discretion to stay a mixed petition where there is good cause for a
2  petitioner's failure to exhaust, the unexhausted claims are potentially meritorious, and the
3  petitioner engaged in no intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S.
4  269, 278 (2005). Petitioner is required to demonstrate that these conditions are met.
5  *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (citing *Akins v. Kenney*, 410 F.3d 451, 456
6  (8th Cir. 2005)). If the Court finds a stay inappropriate, it should afford Petitioner an
7  opportunity to amend his Petition to delete the unexhausted claims before dismissing the
8  action altogether. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982).

9        The R&R sets forth the procedural history up to the point Petitioner filed his Petition
10 in this Court. Petitioner was convicted on July 22, 2005. California's Court of Appeal
11 affirmed the judgment on August 24, 2007, and the California Supreme Court denied his
12 petition for review on November 28, 2007. Petitioner then filed his Petition in this Court on
13 October 27, 2008. On November 4, the court issued a notice informing Petitioner of the
14 possible failure to exhaust his claims, and AEDPA's one-year limitations period.

15       Petitioner then began attempting to exhaust the remaining two claims. Petitioner's
16 lodgment (Pet'r's Notice of Lodgment, Docket no. 10, referencing case number S169701)
17 attaches a petition he filed in the California Supreme Court, which in turn mentions a petition
18 he filed in the California Court of Appeal. (*Id.*, Docket no. 10-2 at 9 (referencing case
19 number D054200).) On August 19, 2009, Petitioner asked the Court to take judicial notice
20 of the order of the California Supreme Court dated June 17, 2009, denying his petition.
21 Pursuant to Fed. R. Evid. 201, Petitioner's request for notice of the order denying habeas
22 relief is **GRANTED**. The Court also *sua sponte* takes notice of the dockets in case numbers
23 D054200 and S169701 for the purpose of showing what Petitioner filed, when he filed it, and
24 what actions the state courts took. *See* Fed. R. Evid. 201(c); *United States v. Borneo, Inc.*,
25 971 F.2d 244, 248 (9th Cir. 1992).

26       The docket in case number D054200 shows Petitioner filed his petition in the Court
27 of Appeal on December 5, 2008, about a month after this Court warned him about
28 unexhausted claims. The state appellate court denied that petition by minute order on

December 24, 2008 because Petitioner had not presented it to the trial court. The docket in case S169701 shows that about a month later, he filed his second petition with the state supreme court, again bypassing the trial court. The state supreme court denied his petition, citing *In re Swain*, 34 Cal.2d 300, 304 (1949) and *People v. Duvall*, 9 Cal.4th 464, 474 (1995) but otherwise providing no explanation. The R&R is hereby **MODIFIED** to include these facts in the procedural history.

The Court cannot grant a stay when the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 270. Petitioner's first claim, alleging the trial court did not sentence him properly under state law, falls in this category. Purely state law claims are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The R&R correctly found Petitioner's first claim did not identify an error so fundamentally unfair as to deny him due process. (*See* R&R, 8:14–9:4.) The Objections do not address this point.

With regard to his second claim for prosecutorial misconduct, Petitioner argues his counsel's failure to raise these matters on appeal or in state habeas proceedings constitutes good cause. In support of this, he cites *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205 (C.D.Cal. 2005) and *Harris v. Kuhlman*, 601 F. Supp. 987 (E.D.N.Y. 1985). The R&R found both cases distinguishable, pointing out he provided no evidence or details of the alleged ineffective assistance of counsel other than merely stating his counsel failed to present his claims. The Objections do not respond to this.

As part of his lodgments, Petitioner included a letter from his appellate counsel, dated October 7, 2008, explaining the reasoning behind the decision not to raise these claims. (Pet'r's Notice of Lodgment, Docket no. 10-2, at 8.) The letter reminds Petitioner they discussed the issue before the first appellate brief was filed. (*Id*.) The letter recounts several reasons why the issue of allegedly false testimony was not raised on appeal, and concludes that even if there were any reason to think the prosecutor had knowingly offered false testimony, the evidence formed an insignificant part of the case against Petitioner and would not have led the appellate court to reverse the conviction. (*Id.*) This letter strongly suggests insofar as Petitioner's claim is based on allegations the prosecutor knowingly

offered false testimony, it would fail, because it shows Petitioner's own counsel reviewed the record and could not conclude the prosecutor knowingly did so.

With regard to Petitioner's allegation that the prosecutor prevented a witness from testifying truthfully, Petitioner's brief on direct appeal address the details of this, citing the record. (Resp.'s Lodgment 2 at 3–4.) The Court of Appeal's decision confirms these details. (Resp.'s Lodgment 3 at 3.) The discussion on appeal shows what Petitioner has described as prosecutorial misconduct is actually a claim that the jury should not have believed the government's witnesses, one of whom was a prosecutor, when they testified that Petitioner attempted to get his accomplice to falsely confess and take full responsibility for the crimes Petitioner was charged with. The appellate record also shows the witness refused to incriminate himself after consulting with his own attorney.

In short, the pleadings, taken as a whole, provide no information to show his unexhausted claims are potentially meritorious. Rather, the record strongly suggests these claims are based on misapprehension of the factual record and untenable legal theories.

As to the question of whether Petitioner has now exhausted his state remedies, the state supreme court's citation of *Swain* indicates either Petitioner failed to make allegations with sufficient particularity, or that he failed to explain his delay in raising the issues. *White v. Ollison*, 592 F. Supp. 2d 1227, 1231 n.2 (C.D.Cal. 2008). The citation to *Duvall* indicates he failed to state with particularity the facts on which he sought relief, or that he failed to include documentary evidence. *Id.* at 1231 n.3. In other words, Petitioner did not provide enough information to show why he was entitled to relief.

A denial based on *Swain* and *Duvall* may, but does not always, establish that a petitioner's claims are unexhausted. When a petitioner contends he has presented his claims to the California Supreme Court with as much particularity as possible, this Court must independently review the state petition to determine whether the claims were fairly presented. *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). A claim is fairly presented, and thus exhausted, when the petitioner has given the state court a fair opportunity to act on his claims by setting forth in his petition the operative facts and the

federal legal theory on which the claim is based. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

Here, Petitioner has not argued he presented his claims with as much particularity as possible. Even if he had, the petition shows Petitioner did not adequately present his prosecutorial misconduct claim. The only attempt to describe the federal legal theory on which this claim is based is a bare citation to *Shih Wei Su v. Filion*, 335 F.3d 119 (2d Cir. 2003) (cited in Pet'r's Notice of Lodgment, Docket no. 10-2, at 6), which held that a prosecutor's <u>knowing</u> presentation of false testimony required reversal, unless the error was harmless. In his petition, the only allegation the prosecutor knowingly offered false testimony states "The Prosecutor induced the alleged victim, Weinert, to commit perjury and invoke his 5th Amendment right to not confess, that caused Petitioner to be convicted of the robbery the alleged victim, Weinert, committed." (Pet'r's Notice of Lodgment, Docket no. 10-2, at 6.) The petition then cites to two pages of the trial transcript, which is not attached to the petition. The Court therefore concludes even now Petitioner has not exhausted his claims.

Timeliness would be an adequate reason for denying the state petition, because Petitioner knew as early as December, 2006 that his counsel considered the two claims unmeritorious and would not raise them on direct appeal (*see* Pet'r's Notice of Lodgment, Docket no. 10-2, at 10 (letter from Petitioner's counsel)), and yet Petitioner waited two years to file it. *See In re Harris*, 5 Cal.4th 813, 828 (1993) (explaining that a habeas petition would ordinarily be considered timely when filed within 90 days of the final due date for the filing of an appellant's reply brief). Petitioner is proceeding *in pro per* in his state habeas proceeding, so the state supreme court's denial of his petition for failure to provide adequate information, and possibly for failure to timely file, the default is attributable to him. The only reason he provides in his petition to the state supreme court was that he "is a greenhorn at law." (Pet'r's Notice of Lodgment, Docket No. 10-2, at 9.) In any event, Petitioner's delay in raising his claims supports a finding he was dilatory without excuse.

Because Petitioner was dilatory and because there is no evidence his unexhausted claims are meritorious, Petitioner does not meet the standard set forth in *Rhines*, 544 U.S.

at 278.  Furthermore, the prosecutorial misconduct claims are largely reformulations of Petitioner's exhausted claims, albeit with additional allegations of corrupt prosecutorial involvement.  If Petitioner's exhausted claims succeed, he will not need to rely on the unexhausted claims.  If his exhausted claims fail, it is unclear how his unexhausted claims could succeed.

The Court therefore **OVERRULES** Petitioner's Objections to the R&R and **ADOPTS** the R&R as modified herein.

For these reasons, Petitioner's motion to stay is **DENIED**.  Respondent's motion to dismiss for failure to exhaust all claims presented is **GRANTED**.  No later than **30 calendar days from the date this order is entered**, Petitioner may file an amended petition containing only his exhausted claims.  Petitioner is cautioned that failure to file an amended petition within the time permitted may waive any claims he wishes to raise in his habeas petition.

**IT IS SO ORDERED**.

DATED:  August 25, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge