# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MACIAS GARCIA., <br><br> Petitioner, <br><br> vs. <br><br> JAMES A. YATES, Warden, <br><br> Respondent. | CASE NO. 08cv1993 LAB (WMc) <br><br> **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF RESPONDENT'S MOTION TO DISMISS PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 29.]** |

## I.
## INTRODUCTION

This Report and Recommendation is submitted to United States District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. Currently pending is Petitioner's First Amended Petition for a Writ of Habeas Corpus, filed on April 30, 2010. Respondent filed a motion to dismiss Petitioner's First Amended Petition on June 25, 2010. Petitioner filed an opposition to Respondent's motion to dismiss on August 4, 2010. At issue is whether Respondent's motion to dismiss should be granted based on the alleged untimely filing of Petitioner's First Amended Petition pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and whether Petitioner's First Amended Petition relates back to the original petition under Fed. R. Civ. P. 15(c)(1)(B).

## II.

## **PROCEDURAL HISTORY**

**A.     State Court**

On July 22, 2005, Raul Macias Garcia ("Petitioner") was convicted of one count of making criminal threats (Cal. Penal Code § 422) and one count of threatening a witness (Cal. Penal Code § 140). (Lodgment No. 1 at 164-165.) In a separate proceeding, the trial court found Petitioner had previous convictions for manslaughter and attempted robbery. (Lodgment No. 3 at 1.) Both constituted strikes (Cal. Penal Code § 667(b)-(i); 1170.12), as well as serious felonies (Cal. Penal Code § 667.5(a)(1)). The prior manslaughter conviction resulted in a previous prison sentence (Cal. Penal Code § 667.5(b)).

Accordingly, the trial court sentenced Petitioner to 25 years to life in prison and two consecutive five-year terms. (Lodgment 3 at 3.) Petitioner appealed and the Fourth District Court of Appeal, Division One, affirmed the judgment on August 24, 2007. (Lodgment 3 at 1.) Thereafter, on November 28, 2007, the California Supreme Court denied Petitioner's Petition for Review. (Lodgment 5 at 1.)

**B.     Federal Court**

On October 27, 2008, Petitioner filed for federal habeas corpus relief pursuant to 28 U.S.C.A. § 2254. (Doc. No. 1.) Respondent then moved the Court to dismiss Petitioner's claims on December 16, 2008. (Doc. No. 6) On January 12, 2009, Petitioner filed an opposition to Respondent's Motion to Dismiss and also requested a stay and abeyance of any unexhausted claims. (Doc. No. 7) Subsequently, on August 26, 2009, the District Court granted Respondent's Motion to Dismiss and denied Petitioner's motion to stay, but allowed Petitioner 30 days to file an amended petition that contained only exhausted claims. (Doc. No. 15)

Petitioner was unable to comply with the Court's 30 day deadline, and moved the Court for a time extension on September 28, 2009. (Doc. No. 16) The Court granted this request, and ordered Petitioner to file an amended petition no later than November 30, 2009. Petitioner failed to file an amended petition or request an additional time extension. Consequently, the Court issued an Order to Show Cause ("OSC") requiring Petitioner to explain why his action should not be dismissed.

1  (Doc. No. 18) The Court accepted Petitioner's response to the OSC, and allowed Petitioner until
2  April 23, 2010 to file an amended petition. (Doc. No. 21)
3        Petitioner failed to file an amended petition within the April 23, 2010 deadline, and asked
4  the court for an additional extension of time. (Doc. No. 23) This request was granted (Doc. No. 24),
5  and Petitioner filed his First Amended Petition on April 30, 2010. (Doc. No. 25) Respondent filed a
6  second Motion to Dismiss on June 25, 2010. (Doc. No. 29) Petitioner filed an opposition to the
7  Motion to Dismiss on August 4, 2010. (Doc. No. 32) Respondent filed no reply.

## III.

## ARGUMENTS

**A.**     **Respondent's Argument**

11        Respondent argues Petitioner's First Amended Petition was untimely filed under the
12  Antiterrorism and Effective Death Penalty Act (AEDPA), which allows petitioners one year from
13  the finality of the state court judgment to file for federal relief. 28 U.S.C. § 2244(d)(1)(A). The one-
14  year statute of limitations under AEDPA begins to run 90 days after a final judgment is entered,
15  when Petitioner's right to seek certiorari from the United States Supreme Court expires. (*See* U.S.
16  S. Ct. Rule 13(1))  Here, the California Supreme Court denied review of Petitioner's claims on
17  November 27, 2007. Thus, AEDPA's statute of limitations began to run 90 days later, on February
18  26, 2008. The statute of limitations is not tolled by federal court proceedings. *Duncan v. Walker*,
19  533 U.S. 167, 172-82 (2001). On December 5, 2008, Petitioner filed an additional petition for
20  habeas relief in state court, tolling the statute of limitations. The clock began to run again when the
21  California Supreme Court denied review of these claims on June 17, 2009. Accounting for this
22  lapse of the statute of limitations, Respondent argues the filing deadline was September 8, 2009.
23        Respondent further contends Petitioner's First Amended Petition does not relate back to the
24  original petition. Citing *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), Respondent argues
25  because the Court dismissed Petitioner's original petition for failure to exhaust, any subsequent
26  petitions do not relate back because there is nothing to relate back to. *Id.* at 1155. Consequently,
27  Respondent contends Petitioner's First Amended Petition, filed on April 30, 2010, falls outside the
28  one-year statute of limitations under AEDPA, does not relate back to the original petition, and

1  should be dismissed.

2  **B.     Petitioner's Response**

3        Petitioner argues the Court never dismissed the original petition in its entirety, but rather
4  entered a conditional dismissal, whereby Petitioner's claims would be dismissed if he failed to
5  comply with the Court's time limits. In support, Petitioner observes that the Court has, in each of its
6  orders, threatened to dismiss his petition should he fail to file an amended petition. Petitioner
7  argues he complied with the Court's order, filing his First Amended Petition on April 30, 2010, four
8  days before the May 3, 2010 deadline. Relying on *Mayle v. Felix*, 545 U.S. 644 (2005) and Fed. R.
9  Civ. P. 15(c), Petitioner argues his First Amended Petition relates back to the original petition
10 because the claims set forth are identical, arising out of the same "conduct, transaction, or
11 occurrence." Thus, because the relation back doctrine applies, Petitioner argues no timeliness issues
12 exist under AEDPA's one-year statute of limitations.

13                                             **IV.**

14                                           **DISCUSSION**

15       For the reasons set forth below, the Court recommends that Respondent's Motion to
16 Dismiss be denied on the basis that Petitioner's First Amended Petition for Habeas Corpus relates
17 back to the original petition under Fed. R. Civ. P. 15(c)(1)(B).

18 **A.     Fed. R. Civ. P. 12(b)(6) Standard of Review**

19       Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim
20 showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not
21 require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-
22 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), quoting *Bell Atl.*
23 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is sufficiently plausible when the facts pled
24 "allow the court to draw the reasonable inferences that the defendant is liable for the misconduct
25 alleged." *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556.  If an adverse litigant believes
26 that its opponent has failed to meet the mandates of Rule 8(a)(2), it may raise a motion to dismiss
27 pursuant to Rule 12(b)(6).

28       A motion to dismiss tests the legal sufficiency of a claim (*Navarro v. Block*, 250 F.3d 729,

1  732 (9th Cir. 2001)), and should be granted if a plaintiff's complaint fails to contain "enough facts
2  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570
3  (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual
4  content,' and reasonable inferences from that content, must be plausibly suggestive of a claim
5  entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir.
6  2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

7  **B.     Fed. R. Civ. P. 15(c) Relation Back Amendments**

8      Under Fed. R. Civ. P. 15(c)(1)(B), an amendment to a pleading relates back to the date of
9  original pleading when...the amendment asserts a claim or defense that arose out of the conduct,
10 transaction, or occurrence set out - or attempted to be set out in the original pleading. The Federal
11 Rules of Civil Procedure apply to habeas corpus proceedings through Fed. R. Civ. P. 81(a)(4), 28
12 U.S.C. § 2242, and Habeas Corpus Rule 11.

13     An amended habeas petition may relate back to the date the original petition was filed.
14 *Mayle v. Felix*, 545 U.S. 644 (2005). Relation back applies when the original and amended petitions
15 state claims tied to a common core of operative facts. *Id.* at 644. When an amended habeas petition,
16 however, asserts a new ground for relief supported by facts that differ in both time and type from
17 those the original pleading set forth, the amended petition does not relate back. *Id*. at 657.

18     The prisoner's principal interest, of course, is obtaining speedy federal relief on his claims.
19 A total exhaustion rule will not impair that interest since he can always amend the petition to delete
20 the unexhausted claims, rather than returning to state court to exhaust all his claims. *Rose v. Lundy*,
21 455 U.S. 509, 521 (1982).

22 **C.     Analysis**

23     This Court finds Petitioner's arguments persuasive. Here, Petitioner was granted multiple
24 time extensions to amend his original complaint to contain only exhausted claims. Thus, the Court
25 expressly retained jurisdiction over Petitioner's claims. When Petitioner finally filed his First
26 Amended Complaint on April 30, 2010, he was within the Court's May 3, 2010, filing deadline.
27 Rule 15(c)(1)(B) provides "pleading amendments relate back to the date of the original pleading
28 when the claim asserted in the amended plea "arose out of the same conduct, transaction, or

occurrence set forth or attempted to be set forth in the original pleading." *Mayle*, 545 U.S. at 656, quoting Fed. R. Civ. P. 15(c)(1)(B). Petitioner's First Amended Petition includes three grounds for habeas corpus relief, all of which were included in the original petition. These nearly identical claims, provided *infra*, by definition, arose out of the same "conduct, transaction, or occurrence" set forth in the original petition.

Petitioner's original petition, in relevant part, sets forth the following claims:

1. The evidence was insufficient to show Petitioner was guilty of making criminal threats in counts one and two.
2. The trial court erred by failing to instruct the jury that Petitioner must specifically intend the threat to be conveyed to the alleged victim.
3. The trial court erred by allowing evidence of Petitioner's prior convictions in Prosecutor's case in chief.

Petitioner's First Amended Petition includes the following claims:

1. There was not sufficient evidence to uphold Garcia's conviction for making criminal threats.
2. Petitioner was denied his Fifth and Fourteenth Amendment right to due process by the trial court's failure to instruct the jury that it can only find guilt if it was proved that Garcia intended that his threat be communicated to Weinert.
3. Petitioner was deprived of his right to due process by the trial court's failure to exclude evidence of prior bad acts.

Respondent relies on *Raspberry*, 448 F.3d 1150, in support of the contention that relation back does not apply. The *Raspberry* decision, however, is distinguishable. In that case, the petitioner's original habeas petition contained only unexhausted claims. Consequently, the District Court dismissed petitioner's claim with prejudice. On appeal, the Ninth Circuit held relation back does not apply where the original petition was dismissed because there is "nothing to which a new petition could relate back." *Raspberry*, 448 F.3d at 1154, quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, Petitioner's original petition was mixed, and asserted three claims that had been exhausted in state court. As discussed *supra*, this Court did not dismiss Petitioner's original petition with prejudice, but merely advised Petitioner it would do so should he fail to timely file an amended petition. The First Amended Petition, which was timely filed, includes the same three exhausted claims.[1]

Because the Court finds Petitioner's First Amendment Petition to relate back to the original

---

[1] Because the Court recommends Petitioner's First Amended Petition relates back to the original petition, the parties' arguments regarding the Court's discretionary doctrine of equitable tolling need not be addressed.

petition, the parties' arguments regarding equitable tolling need not be addressed.

## V.

### CONCLUSION AND RECOMMENDATION

For the forgoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an order: 1) approving and adopting this Report and Recommendation, and 2) denying Respondent's Motion to Dismiss Petitioner's First Amended Petition for habeas corpus relief.

**IT IS ORDERED** that no later than **November 2, 2010**, any party to this action may file written objections with the Court and serve a copy to all parties. The document should be captioned, "Objections to Magistrate Judge's Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 16, 2010.** The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: October 12, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

Copy to:

HONORABLE LARRY ALAN BURNS, UNITED STATE DISTRICT JUDGE
PRISONER *PRO SE*
ALL COUNSEL OF RECORD