1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| RAUL MACIAS GARCIA, | CASE NO. 08cv1993-LAB (WMc) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO DISMISS** |
| vs. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

16       Respondent moved to dismiss Petitioner Garcia's amended petition for writ of habeas

17  corpus as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA).

18  Garcia filed his original petition on October 27, 2008.  Because it included both exhausted

19  and unexhausted claims, the Court dismissed it pursuant to *Rose v. Lundy*, 455 U.S. 509,

20  510 (1982), giving Garcia leave to amend it in order to omit the unexhausted claims.  The

21  Court found the "stay and abeyance" procedure inappropriate, because Garcia's

22  unexhausted claims were meritless.  After several extensions, Garcia filed his amended

23  petition on April 30, 2009.  Respondent then moved to dismiss it as untimely.  Although the

24  original petition was timely, the amended petition was filed after AEDPA's 1-year limitations

25  period.

26       The motion was referred to Magistrate Judge William McCurine for a report and

27  recommendation pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636.  Judge McCurine

28  issued his report and recommendation (the "R&R") on October 12, 2010, recommending

1   denying the motion.  Respondent filed his objections on October 29 and Garcia filed his reply

2   to the objections on December 6.

3        A district court has jurisdiction to review a Magistrate Judge's report and

4   recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

5   determine de novo any part of the magistrate judge's disposition that has been properly

6   objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the

7   findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The

8   Court reviews de novo those portions of the R&R to which specific written objection is made.

9   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute

10  makes it clear that the district judge must review the magistrate judge's findings and

11  recommendations de novo if objection is made, but not otherwise."  *Id.*

12       Garcia argues his amended petition relates back to his original petition.  Respondent

13  in turn argues that because that petition was dismissed, there is nothing for the amended

14  petition to relate back to.  (Obj. to R&R, 2:3–4 ("'[R]elation back' has meaning only in the

15  context of amendments to existing pleadings . . . "))  In his motion to dismiss, Respondent

16  cited *Rasberry v. Garcia*, 448 F.3d 1150 (9th cir. 2006), and he now cites *Libberton v. Ryan*,

17  583 F.3d 1147 (9th Cir. 2009).

18       Neither of those cases presents an analogous situation.  Rather, the facts of *Anthony*

19  *v. Cambra*, 236 F3d 568 (9th Cir. 2000) are analogous and that holding controls.  In

20  *Anthony*, the district court had dismissed a mixed habeas petition containing one exhausted

21  and five unexhausted claims, and the petitioner filed an amended petition raising his

22  exhausted claim.  The district court determined it should have given the petitioner a chance

23  to amend his petition, rather than dismissing it outright, and ordered that the amended

24  petition should be treated as if it were filed as of the date of the original petition.  The

25  respondent appealed, raising the issue of timeliness because the amended petition was filed

26  after AEDPA's 1-year limitations period had expired.  The respondent argued the amended

27  petition should be considered a new petition because the original petition had been

28  dismissed.

1    In *Anthony*, the district court realized that a petitioner who files a mixed petition should

2  be given an opportunity to amend the petition before dismissal.  "Because the court's

3  dismissal 'did not afford petitioner such an opportunity,' construing the [later-filed] petition

4  as an amendment—as opposed to new (and time-barred) petition—was, in the court's view,

5  the appropriate remedy."  236 F.3d at 573.  The Ninth Circuit affirmed the district court's

6  decision:

7         [W]e agree with the district court that its outright dismissal of Anthony's
           [original] petition was improper. This court has made clear that district courts
8         must provide habeas litigants with the opportunity to amend their mixed
           petitions by striking unexhausted claims as an alternative to suffering
9         dismissal.

10  *Id*. at 574.  The correctness of this ruling was later confirmed in *Rhines v. Weber*:

11         if a petitioner presents a district court with a mixed petition and the court
           determines that stay and abeyance is inappropriate, the court should allow
12         the petitioner to delete the unexhausted claims and to proceed with the
           exhausted claims if dismissal of the entire petition would unreasonably
13         impair the petitioner's right to obtain federal relief.

14  544 U.S. 269, 278 (2005) (citing *Rose*, 455 U.S. at 520).

15    *Rasberry* cites *Anthony* and confirms that, under the circumstances presented there,

16  it remains good law.  448 F.3d at 1155 ("[I]n *Anthony*, the district court exercised its equitable

17  power to accept the new petition *nunc pro tunc* to the date of the original habeas filing—the

18  district court had mistakenly dismissed the first petition, so it corrected the mistake by

19  relating the second petition back to the first.") *Rasberry* itself deals with a different situation,

20  where the original petition was wholly unexhausted and the amended petition presented new

21  claims.

22    In this case, after Garcia filed his original petition and was told it appeared to be

23  mixed, he asked for stay and abeyance, and Respondent asked for dismissal outright.

24  Neither party suggested an order requiring amendment on pain of dismissal, but in view of

25  *Anthony*'s holding the Court is now convinced that was the required course.  In short, rather

26  than dismissing the petition outright, the Court should have ordered Garcia to amend his

27  complaint to delete the unexhausted claims, or face dismissal.  Only if he then failed or

28  refused to amend should his original petition have been dismissed.

1       In order to correct its error, *see Rasberry*, 448 F.3d at 1155 (noting court's equitable

2   power to correct its own mistakes, and confirming *Anthony* permits this), the Court therefore

3   reconsiders its order of August 26, 2009.  That order is modified so that instead of

4   dismissing the petition it requires Garcia to amend his petition or face dismissal.  There is

5   no reason to revisit the Court's orders extending time to file the amended petition.  Because

6   Garcia filed his amended petition within the time permitted, the amended petition relates

7   back to the original petition.

8       The objections are therefore **OVERRULED**, the R&R is **ADOPTED**, and

9   Respondent's motion to dismiss (Docket number 29) is **DENIED**.

10

11       **IT IS SO ORDERED**.

12   DATED:  January 12, 2011

13

14   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

08CV1993